# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MATTHEW J. FRAWLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4: 20 CV 90 DDN |
| ) | |
| STEPHANIE SCHUTT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This action is before the court on the motion of plaintiff Matthew J. Frawley to remand this case to the Circuit Court of St. Charles County. (Doc. 14.) The parties have consented to the exercise of plenary authority by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Oral arguments were heard in this Court on March 30, 2020.

## BACKGROUND

On December 4, 2019, plaintiff commenced this action against defendant Stephanie Schutt and four other individuals in the Circuit Court of St. Charles County. Plaintiff's original state court petition alleged two claims: violations of the Missouri Merchandising Practices Act, Mo. Rev. Stat. § 407.020 ("MMPA"); and violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"). (Doc. 4.) On December 11, 2019, plaintiff filed an amended petition that asserted the same two claims. (Doc. 5.) The parties agree that defendants received service of process on December 20, 2019. (Docs. 1 at 1, 14 at 2.)

Defendant Schutt, with the consent of the other four defendants, removed this action to this Court on January 19, 2020, pursuant to 28 U.S.C. § 1447, alleging federal question subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1.)

Plaintiff seeks remand to the state court on two grounds. First, he argues defendants did not remove the action within the 30-day limitation period prescribed by 28 U.S.C. § 1446; and second, he argues he had dismissed his federal claim before the case was effectively removed, thereby depriving this Court of subject matter jurisdiction. According to plaintiff, he dismissed

his FDCPA claim on Monday, January 20, 2020. (Doc. 14.)  Further, due to the weekend and the Martin Luther King Holiday on Monday, January 20, 2020, both plaintiff's dismissal and defendants' Notice of Removal were deemed filed on Tuesday, January 21, 2020. (Doc. 14 at 2.)

Defendants argue that the motion for remand is untimely, because it was filed more than 30 days after the removal and the removal was timely and occurred before plaintiff's filing of his ineffective dismissal of his federal claim.  Therefore, the federal claim was in the case at removal and remains in the case.  (Doc. 17.)

## REMOVAL AND REMAND, GENERALLY

Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.  *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997).  Courts must be "mindful that the nature of federal removal jurisdiction--restricting as it does the power of the states to resolve controversies in their own courts--requires strict construction of the legislation permitting removal."  *Nichols v. Harbor Venture, Inc.*, 284 F.3d 857, 861 (8th Cir. 2002).  "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the case must be remanded to the state court whence it was removed.  28 U.S.C. § 1447(c); *cf.* Fed. R. Civ. P. 12(h)(3).

## DISCUSSION

Defendants removed this action based on federal question jurisdiction granted by 28 U.S.C. § 1331.  Plaintiff argues defendants filed an untimely notice of removal, thirty-two (32) days after service.  Notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading through service or otherwise.  28 U.S.C. § 1446(b). Pursuant to Missouri Rule 103.06(f), "[i]f the clerk accepts a document for filing, the date and time entered in the case management system shall be the date and time the electronic filing system received the document."  Defendants' Notice of Removal was noted by the state court's electronic filing system as filed on January 19, 2020, at 6:14 p.m. (*see* Doc. 8), on the thirtieth day following service.  Accordingly, defendants' removal was timely.

Because plaintiff asserts he dismissed his federal FDCPA claim without prejudice on January 20, 2020, after the defendants' removal of the action was effective on January 19, his voluntary dismissal effort was not effective to remove the federal claim from the case.  On

2

January 19, the state court had lost its jurisdictional authority over the case by its removal to this Court.  *See* 28 U.S.C. § 1446(d); *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Acevedo Feliciano*, 140 S.Ct. 696, 700 (2020) (noting the state court loses all jurisdiction after removal and its subsequent proceedings in the case are void).

Because plaintiff's federal law claim was never effectively dismissed, it remained in this action and grounded this Court's subject matter jurisdiction when the case was removed.  It remains in the case currently.

## CONCLUSION

For the reasons stated above,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand (Doc. 14) is **denied**.

**IT IS FURTHER ORDERED** that defendants may have 20 days from the date of this Memorandum and Order to file a pleading responsive to plaintiff's amended complaint (Doc. 5).

/s/   David D. Noce
**UNITED STATES MAGISTRATE JUDGE**

Signed on April 28, 2020.

3